# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AARON LEE WYANT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 4:15CV688 JMB |
| LAURENT D. JAVOIS, | ) ) ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Aaron Wyant petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court will direct Wyant to show cause why the petition should not be dismissed as untimely or for failure to exhaust state remedies.

In July 1986 Wyant was found not guilty of the charge of domestic assault in the second degree by reason of insanity. He is civilly committed in the St. Louis Psychiatric Rehabilitation Center. He seeks release from confinement on the grounds that he was not properly advised of the consequences of pleading not guilty by reason of insanity and because he has been denied equal protection of law.

In general, a habeas petitioner has one year from the date his judgment becomes final to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). To the extent that Wyant is challenging the 1986 order committing him to the custody of the Department of Mental Health, his petition appears to be time-barred. However, Missouri allows civilly committed persons to apply for conditional release on a yearly basis. Mo. Rev. Stat. § 552.040.13. So, to the extent that Wyant may be challenging a recent conditional release hearing, the petition may

be timely. In that case, it is not clear whether Wyant has exhausted his state remedies by appealing the denial of conditional release.

Therefore, the Court will order Wyant to show cause why his petition should not be summarily dismissed. See 28 U.S.C. § 2254, Rule 4. Wyant must state whether he is challenging the 1986 order committing him to the custody of the Department of mental health or whether he is challenging the denial of conditional release. If Wyant is challenging the denial of conditional release, he must name the court where the hearing took place and whether he appealed from the decision. He should include case citations. Furthermore, Wyant must articulate the facts that he believes entitle him to relief. Failure to comply with this Order will result in the dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Wyant's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Wyant must show cause why the petition should not be dismissed.

Dated this 30th day of April, 2015.

/s/John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE